UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JOEL MARVIN and MARLENE MARVIN, | ) ) ) | CIV. 12-5073-JLV |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER |
| C-VISN and WOMEN OF WAR, | ) ) ) | |
| Defendants. | ) | |

**INTRODUCTION**

On October 15, 2013, defendants filed a motion (Docket 28) asking the
court to set aside the order for default judgment as to liability.  (Docket 27).
The same day, defendants filed a motion for leave to file out of time an answer
to plaintiffs' complaint.  (Docket 30).  Plaintiffs opposed defendants' motions.
(Dockets 31 & 32).  On October 28, 2013, defendants filed a motion (Docket 35)
to alter or amend the court's order of September 30, 2013, denying defendants'
motion to set aside the clerk's second entry of default.  (Docket 26).  On
November 1, 2013, defendants filed reply briefs in support of the motion for
leave to file an out-of-time answer and the motion to set aside default
judgment.  (Dockets 37 & 38).  On November 12, 2013, plaintiffs filed their
brief in opposition to defendants' motion to alter or amend the court's
September 30, 2013, order.  (Docket 39).  On November 26, 2013, defendants

filed their reply brief in support of the motion to alter or amend the order and judgment.  (Docket 40).  For the reasons stated below, defendants' motion to set aside the order of default as to liability (Docket 28) is denied, defendants' motion for leave to file an out-of-time answer (Docket 30) is denied and defendants' motion to alter or amend the order and judgment (Docket 35) is denied.

## PROCEDURAL HISTORY

On October 3, 2012, plaintiffs Joel and Marlene Marvin filed their complaint against the defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206-216, with pendant state law claims, and a claim under the False Claims Act, 31 U.S.C. § 3730.  (Docket 1).  Defendants were served with the summons and complaint on October 9, 2012.  (Dockets 5 & 6).  No answer or other responsive pleading was filed by the defendants.  On November 19, 2012, plaintiffs filed a motion for entry of default with a supporting affidavit.  (Dockets 7 & 8).  On November 28, 2012, the Clerk of Court filed an entry of default pursuant to Fed. R. Civ. P. 55(a).  (Docket 9).  On December 4, 2012, Attorney Donald Knudsen filed a notice of appearance on behalf of the defendants.  (Docket 11).  On January 8, 2013, defendants filed an unopposed motion to set aside the entry of default.  (Docket 12).  On January 14, 2013, the court granted defendants' motion, vacated the clerk's entry of default and permitted defendants to file their answer.  (Docket 13).

On February 12, 2013, plaintiffs filed a second application for entry of default and a supporting affidavit.  (Dockets 14 & 15).  On February 13, 2013, Attorney Knudsen filed an affidavit in opposition to plaintiffs' request for entry of default and a draft copy of an answer.  (Dockets 16 & 16-1).  On February 14, 2013, the Clerk of Court filed the second entry of default pursuant to Rule 55(a).  (Docket 17).  On February 14, 2013, defendants filed an answer.  (Docket 18).  Defendants filed an amended answer on February 15, 2013.  (Docket 19).  The same day, defendants filed a motion to set aside the second entry of default, together with an affidavit of Attorney Knudsen.  (Dockets 20 & 20-1).

On February 21, 2013, plaintiffs filed their opposition to defendants' motion to set aside the second entry of default and moved for default judgment pursuant to Rule 55(b).  (Docket 21).  On March 7, 2013, defendants filed their reply in support of the motion to set aside the second entry of default, together with an affidavit of Attorney Knudsen and other supporting documentation.  (Dockets 22, 22-1, 22-2 & 22-3).  On March 21, 2013, defendants filed their brief in opposition to plaintiffs' motion for default judgment.  (Docket 24).  The same day plaintiffs filed their reply brief in support of their motion for default judgment.  (Docket 25).

On September 30, 2013, the court filed an order denying defendants' motion to set aside the second entry of default.  (Docket 26).  The court further

ordered "that pursuant to Rule 55(b)(2) plaintiffs are entitled to a partial default judgment on the issue of defendants' liability and trial shall be limited to the issue of plaintiffs' damages pursuant to Rule 55(b)(2)(B)." Id. at p. 10.  On October 10, 2013, a default judgment was entered in favor of the plaintiffs and against the defendants.  (Docket 27).

## DISCUSSION

On October 15, 2013, defendants' motion to set aside the default judgment claimed relief "under Fed. R. Civil P. § 60(b)(1) due to the fact that the failure to answer the complaint was inadvertent and excusable.  The inadvertent failure to answer constituted a 'marginal' error which should be excused so that the case can be heard on its merits." (Docket 28 at p. 1).  Defendants' brief also moved "the Court to reconsider its order denying the motion to set aside the clerk's second entry of default because the Court applied a standard for good cause which is too stringent at this stage of the proceedings."  (Docket 29 at p. 1).  Defendants assert "[t]here is a distinction in the law between a clerk's entry of default and a default judgment . . . ."  Id. "[R]elief from a default judgment requires a stronger showing of excuse than relief from a mere default order."  Id. (citing Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998) (internal citation and quotation marks omitted).  Defendants argue the court must complete the analysis of factors set forth in Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008).  (Docket 29 at p. 2).

4

## RULE 55(c) ANALYSIS

Rule 55 provides "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).  When the court conducted its analysis of whether to set aside the second entry of default, it used the "good cause" standard dictated by Stephenson.  "When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.' "  (Docket 26 at p. 4) (citing Stephenson, 524 F.3d at 912) (citing Johnson, 140 F.3d at 784). The court considered those three factors separately.  Id. at pp. 4-9.

Defendants argue the court erred in analyzing each of the three factors. (Docket 29 at pp. 2-5).  Separately considering defendants' arguments, without repeating the court's original analysis in detail, results in the following comparison.

1.      **Conduct of C-VISN and Women of War**

The court made the following findings:

Defense counsel's explanation for failing to timely file an answer is disingenuous or weak, at best. . . .

Defense counsel was aware of the January 14, 2013, order [Docket 13] and  yet ignored his obligation to timely respond under Rule 12 . . . . For some reason not disclosed to the court, defense counsel chose not to comply with either of the options available to him under Rule 6.  Rather than  admit to or claim a negligent oversight for

5

failing to comply with the January 14, 2013, order and Rule 12, counsel attempted to shift the blame on to the court and plaintiffs' counsel.

The court finds defense counsel's decision-making process to be "intentional delay [and] disregard for deadlines  and procedural rules."

(Docket 26 at pp. 6-7) (citing <u>Johnson</u>, 140 F.3d at 784).

Defendants assert the court should "distinguish between a contumacious or intentional delay or disregard for deadlines, and a 'marginal failure' to meet deadlines." (Docket 29 at p. 4) (citing <u>Johnson</u>, 140 F.3d at 784). Defendants argue, "[A]n 8 day delay due to lack of guidance [from the court] as to when the answer deadline expired is not the type of blameworthy or culpable conduct which would justify denying Defendants' Motion to Set Aside Entry of Default." <u>Id.</u> at p. 5. This is the same argument made by the defendants originally. <u>See</u> Docket 20-1 ("That order [Docket 13] instructed Defendants to file an answer, but did not assign any deadline for doing so."). Rule 12 sets a 21-day deadline for defendants to file their answer to plaintiffs' complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Yet, rather than simply claiming negligent oversight for not timely filing an answer for 29 days, defense "counsel attempted to shift the blame on to the court and plaintiffs' counsel." (Docket 26 at p. 7).

The court previously described "defense counsel's decision-making process to be 'intentional delay [and] disregard for procedural rules." <u>Id.</u> (internal citation omitted). This factor weighs heavily in favor of denying defendant's motion. <u>Id.</u> at p. 9.

2.     **Existence of a Meritorious Defense**

The court made the following findings:

> The amended answer does not assert any affirmative defenses, but
> only general denials to the plaintiffs' complaint. "[B]ald allegation[s]
> . . . without the support of facts underlying the defense, will not
> sustain the burden of the defaulting party to show cause why the
> entry of default should be set aside; the trial court must have before
> it more than mere allegations that a defense exists." Defendants'
> amended answer is "nothing more than simple assertions
> unsupported by specific facts or evidence." . . . Defendants fail to
> "provide minimally adequate factual support to illustrate the potential
> viablity of [their] defense[]. [A]nd thus fai1[] to establish the existence
> of a meritorious defense."

Id. at p. 8 (citing Stephenson, 524 F.3d at 914) (citing Fink v. Swisshelm, 182

F.R.D. 630, 633 (D. Kan. 1998)).

Defendants argue they "provided the Court with information concerning

defenses at the time the motion was made to set aside the entry of default."

(Docket 29 at p. 3) (referencing Docket 22 at pp. 8-9).  "Defendants informed

the Court that the evidence will show that numerous incidents occurred

involving both Plaintiffs that resulted in documentation being placed in their

personnel files due to poor performance, insubordination or both."  Id.  In

response to plaintiffs' retaliation claims, defendants assert these "incidents

took place before Ms. Marvin consulted with the VA concerning federal grant

monies."  Id. (referencing Exhibit B (Docket 22-2)).  "[B]oard minutes reveal

that the decision to terminate Ms. Marvin's employment was made on the same

date her communication with the VA occurred.  This evidence will demonstrate

7

that the board was not even aware of the communication with the VA at the time it made its decision to terminate." Id. Defendants' evidence shows Ms. Marvin filed her complaint with the VA liaison officer on March 13, 2012. (Docket 22-2 at p. 15). On March 15, 2012, the C-VISN board minutes reflect "Marlene & Joel's allocations against Russ [C-VISN Director] sent to VA." Id. at p. 17 ¶ III(7). "Marlene to give notice to the board before going to the VA." Id. at ¶ III(7)(1). The board then "postpone[d] removal of Joel and Marlene until next week—giving [attorney time] to review legal ramifications. Schedule another meeting next week to discuss." Id. at p. 18 ¶ VI(A)(3). Defendants' documentation is inconsistent with defense counsel's argument that "the board was not even aware of the communication with the VA at the time it made its decision to terminate." (Docket 29 at p. 3).

Defendants further allege their evidence demonstrates the presence of "legitimate non-retaliatory reasons for dismissal." Id. (referencing Docket 22-2 at pp. 19-20). Defendants' letters written to the South Dakota Department of Labor and Regulation, Unemployment Insurance Division, were in response to plaintiffs' unemployment claims. (Docket 22-2 at pp. 19-20). Defendants' alleged non-retaliatory reasons for termination were not even mentioned in the minutes of the March 15, 2012, C-VISN board of directors meeting.

Plaintiffs' complaint alleges:

Plaintiffs were scheduled to receive paychecks on February 14, 2012, February 28, 2012, and March 14, 2012. The paychecks to be paid

8

on February 14, 2012 were received two weeks late, and the paychecks to have been paid on February 28 and March 14 were not received until April, 2012.

(Docket 1 at p. 7 ¶ 49).  Defendants argue the court failed to consider "[c]opies of payroll records" which would "refute allegations in the Complaint regarding dates and times when wages were paid."  (Docket 29 at p. 3).

Defendants' evidence indicates the following payroll activities:

| Date | Check No. | Payee | Amount | Date Cleared |
|------|-----------|-------|--------|--------------|
| 1/31/12 | #1874 | Joel Marvin | $823.93 | 2/01/12 |
| 1/31/12 | #1875 | Marlene Marvin | $841.21 | 2/01/12 |
| 2/20/12 | #1893 | Joel Marvin | $823.93 | 2/21/12 |
| 2/20/12 | #1894 | Marlene Marvin | $874.26 | 2/21/12 |
| 3/12/12 | #1910 | Joel Marvin | $604.07 | 3/19/12 |
| 3/12/12 | #1911 | Marlene Marvin | $687.93 | 3/19/12 |
| 3/15/12 | #1920 | Joel Marvin | $803.79 | 3/19/12 |
| 3/15/12 | #1921 | Marlene Marvin | $874.86 | 3/19/12 |
| 3/27/12 | #1948 | Joel Marvin | $405.70 | 4/04/12 |
| 3/27/12 | #1949 | Marlene Marvin | $394.70 | 4/04/12 |

(Docket 22-3).  Plaintiffs allege they were entitled to be paid every two weeks. (Docket 1 at p. 7 ¶ 49).  Defendants' evidence discloses that its payroll obligations were not timely met for February 14—paid February 20; February 28—paid March 12; and March 14—paid March 27.  (Docket 22-3).  Failure to timely pay wages when due is a violation of South Dakota law.  "Every employer shall pay all wages due to employees . . . on regular agreed pay days designated in advance by the employer . . . ."  SDCL § 60-11-9.  An employer may be subject to double damages "if [it] has been oppressive, fraudulent, or malicious, in the employer's refusal to pay wages due to the employee."  SDCL

9

§ 60-11-7.  This is a question of damages, an issue which remains for resolution by trial.

Defendants fail to " 'provide minimally adequate factual support to illustrate the potential viability of [their] defense[].  [A]nd thus fail[] to establish the existence of a meritorious defense.' "  (Docket 26 at p. 8) (citing Stephenson, 524 F.3d at 914).

**3.    Prejudice to Plaintiff**

Defendants claim the court did not "identify any type of prejudice the Plaintiffs would have suffered by the Court's setting aside of the Entry of Default."  (Docket 29 at p. 5) (referencing Docket 26 at p. 9).  Contrary to defendants' argument in analyzing the third Stephenson factor, the court found prejudice to the plaintiff because of defendants' conduct.

> Defendants were served with the summons and complaint on October 9, 2012.  (Dockets 5 & 6).  Since that date, plaintiffs' case has languished and waited for the defendants to come to court.  While prejudice to the plaintiffs is not a significant factor, the court finds plaintiffs have been prejudiced by defendants' conduct.

(Docket 26 at p. 9).

Defendants argue their "conduct was not contumacious, blameworthy or culpable.  Rather, it was the type of marginal failure which does not justify the harsh penalty of default."  (Docket 29 at p. 5).  As stated above, the court found "good cause does not exist as required by [Fed. R. Civ. P.] Rule 55(c).  The court further finds the first two Stephenson factors weigh heavily and the third

10

Stephenson factor weighs generally in favor of denying defendants' motion."
(Docket 26 at p. 9).  The court also found "defense counsel's decision-making
process to be 'intentional delay [and] disregard for procedural rules."  Id. at p. 7
(internal citation omitted).  Those conclusions are reaffirmed in the present
analysis.

These conclusions do not support a finding that defendants were merely
"guilty of an oversight" or entitled to a more lenient consideration of the good
cause standard.  See Johnson, 140 F.3d at 784.  The court properly applied the
good cause standard of Rule 55(c) and analyzed the Stephenson factors.
Defendants' motion to set aside the second entry of default (Docket 29) is
denied.

## RULE 60(b) ANALYSIS

Rule 60 allows a party relief from a judgment "for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other
reason that justifies relief."  Fed. R. Civ. P. 60(b)(1) & (6).  "Although the same
factors are typically relevant in deciding whether to set aside entries of default
and default judgments, . . . relief from a default judgment requires a stronger
showing of excuse than relief from a mere default order."  Johnson, 140 F.3d at
783 (internal citations, quotation marks, and brackets omitted).  Rule 60(b)
"provides for extraordinary relief which may be granted only upon an adequate
showing of exceptional circumstances."  Jones v. Swanson, 512 F.3d 1045,

11

1048 (8th Cir. 2008) (internal citation omitted).  The court is granted "wide discretion in ruling on a Rule 60(b) motion . . . ."  Id.  "An abuse of discretion occurs where the district court fails to consider an important factor, gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment in weighing those factors."  In re Levaquin Products Liability Litigation, 739 F.3d 401, 404 (8th Cir. 2014) (quoting General Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 316 (8th Cir. 2009)).

"Excusable neglect 'is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.' . . . Whether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission. . . . Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect . . . is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.' " Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 403 (8th Cir. 2000) (quoting Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392-394 (1993)).  "While a court may properly find excusable neglect [where the language of a rule is ambiguous or susceptible to multiple interpretations or where an apparent conflict exists between two rules], . . . [the] failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect." Id. at 404 (internal citation and quotation marks omitted).

12

Defendants' counsel has not presented a "persuasive justification" for misunderstanding the Federal Rules of Civil Procedure and "there is no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect." Id. at 405. "[A]ttorney error based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to comply with a deadline. And, no circuit that has considered the issue after Pioneer has held that an attorney's failure to grasp the relevant procedural law is 'excusable neglect.' " (Docket 26 at p. 6) (citing Jefferson v. Hicks, 364 F. App'x 281, 283 (8th Cir. 2010) (unpublished) (internal citation omitted)). Defense counsel's "intentional delay [and] disregard for deadlines and procedural rules" does not constitute excusable neglect nor rise to the level of extraordinary circumstances. Id. at p. 7 (citing Johnson, 140 F.3d at 784).

As discussed above, defendants fail to satisfy the more lenient burden of showing good cause required in a Rule 55(c) analysis. Defendants' submissions fail to satisfy the more stringent good cause showing required by Rule 60(b). Defendants' motion to set aside the default judgment (Docket 28) is denied.

## SECTION 1292(b) ANALYSIS

Defendants filed a motion (Docket 35) to alter or amend the court's order denying motion to set aside the second entry of default. (Docket 26). Defendants' motion is based on Fed. R. App. P. 5(a)(3) and 28 U.S.C.

§ 1292(b).[1]  (Docket 35).  Defendants move to amend the court's order (Docket 26) and the default judgment (Docket 27) to include a declaration "the order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation."  (Docket 36 at p. 8).

The Federal Rules of Appellate Procedure provide that "[i]f a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement.  In that event, the time to petition runs from entry of the amended order."  Fed. R. App. P. 5(a)(3). Section 1292(b) of Title 28 of the United States Code provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an

---

[1]Defendants' motion also cites Rules 52(b) and 59(e).  Both provisions require that a motion must be filed within 28 days of entry of the court's findings or judgment.  Fed. R. Civ. P. 52(b) and 59(e).  The court finds defendants' motion to amend was timely filed.

> appeal hereunder shall not stay proceedings in the district court
> unless the district judge or the Court of Appeals or a judge thereof
> shall so order.

28 U.S.C. § 1292(b) (italics in original).  In citing § 1292(b) and seeking permission for an intermediate appeal, defendants assert the same factual and legal arguments made in the motion to set aside the second entry of default. Compare Dockets 29, 36, 38, and 40.

The court's analysis of the Stephenson factors remains the law of this case.  Contrary to defendants' argument that there is substantial ground for a difference of opinion amongst the courts, no circuit court considering the issue of attorney error based on a misunderstanding of the law has found that error a sufficient excuse for missing a deadline.  (Docket 26 at p. 6).

Defendants' motion to alter or amend the order and judgment (Docket 35) is denied.

## RULE 6 ANALYSIS

Defendants filed a motion for leave to file an answer out of time.  (Docket 30).  Defendants assert the "failure to file an Answer within the time required by Rule 12(a)(1)(A)(i) was the result of excusable neglect, Defendants have meritorious defenses to assert in the action, and Plaintiffs will not be substantially prejudiced if the Defendants are permitted to file their Answer out of time."  Id. at p. 1.

Rule 6 provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  "Excusable neglect" under Rule 6(b)(1)(B) is the same standard applicable to Rules 55(c) and 60(b).  See Chorosevic v. MetLife Choices, 600 F.3d 934, 946 (8th Cir. 2010) ("Federal Rule of Civil Procedure 6(b)(1)(B) permits a district court to extend the time for a party to submit a filing 'if the party failed to act because of excusable neglect.'  Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'  The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.' " (citing Pioneer, 507 U.S. at 388, 392 & 395).  "The determination as to what sort of neglect is considered excusable [under Rule 6(b)(1)(B)] is an equitable one, taking account of all relevant circumstances surrounding the party's own omission." Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1048 (8th Cir. 2010) (citing Kaubisch v. Weber, 408 F.3d 540, 543 (8th Cir. 2005) (internal quotations and citation omitted).  The omitted quotation and citation in Kaubisch cross-referenced Pioneer.  See Kaubisch, 408 F.3d at 543 (quoting Pioneer, 507 U.S. at 395).

16

The court already determined defendants have not shown excusable neglect under Rule 55(c).  The same analysis applies to defendants' motion under Rule 6(b)(1)(B).  Defendants' motion for leave to file an answer out of time (Docket 30) is denied.

## ORDER

Based on the above analysis, it is hereby

ORDERED that defendants' motion (Docket 28) to set aside the second entry of default (Docket 17) is denied.

IT IS FURTHER ORDERED that defendants' motion to set aside the default judgment as to liability (Docket 28) is denied.

IT IS FURTHER ORDERED that defendants' motion (Docket 35) to alter or amend the court's order (Docket 26) and default judgment as to liability (Docket 27) is denied.

IT IS FURTHER ORDERED that defendants' motion for leave to file an answer out of time (Docket 30) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion for default judgment pursuant to Rule 55(b) (Docket 21) is denied as moot.

Dated September 22, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

17